**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE CONTINENTAL INSURANCE COMPANY, as subrogee of Voyetra Turtle Beach, Inc., and VOYETRA TURTLE BEACH, INC., | ) | |
| *Plaintiffs*, | ) | No. 26 C 5910 |
| v. | ) | Chief Judge Virginia M. Kendall |
| UNIS, LLC, UNIS TRANSPORTATION, LLC, and UNIS LLC, d/b/a UNIS FULFILLMENT, LLC, | ) | |
| *Defendants*. | ) | |

## OPINION & ORDER

There are two pending motions before the Court. Plaintiffs Continental Insurance Company (as subrogee of Voyetra Turtle Beach, Inc.) and Voyetra Turtle Beach, Inc. move for entry of default against Defendants Unis, LLC, Unis Transportation, LLC, and Unis LLC, d/b/a Unis Fulfillment, LLC (collectively, "Unis"). (Dkt. 12). Unis moves to dismiss or for a more definitive statement. (Dkt. 20). The Court denies both motions. (Dkts. 12, 20).

## BACKGROUND

Turtle Beach makes gaming products, such as noise-canceling headphones. Unis provides logistics and supply chain services including global freight solutions. Turtle Beach contracted with Unis to ship certain of Turtle Beach's goods. (Dkt. 1). Unis agreed to transport more than 160,000 Turtle Beach products through twenty-eight shipments. (*Id.*, ¶ 15). When Turtle Beach noticed that their payments came up short, they investigated. (*Id.*, ¶ 23). Turns out, none of those 160,000 products from those twenty-eight shipments made it to their destinations. (*Id.*) Worse, the bills of lading (the documents confirming delivery) Unis sent to Turtle Beach were falsified. (*Id.*) These missing shipments cost Turtle Beach over $9,000,000. (*Id.*, ¶ 30).

Continental Insurance is Turtle Beach's insurer. (*Id.*) They covered the loss, paying Turtle Beach over $9,000,000. (*Id.*) Continental Insurance and Turtle Beach (collectively "Continental Turtle") sued Unis in a four-count complaint for: (1) violating 49 U.S.C. § 14706 (the Carmack Amendment), (2) bailment, (3) negligence, and (4) breach of contract. (Dkt. 1, ¶¶ 35-54).

## **DISCUSSION**

Continental Turtle filed its Complaint on May 20, 2026. (Dkt. 1). They filed executed summons on June 18, 2026, showing proof of service effectuated June 11, 2026. (Dkts. 9-11). Unis failed to answer or appear, so Continental Turtle filed a Motion for Entry of Default on July 14, 2026. (Dkt. 12). Six days later, on July 20, 2026, Unis filed an appearance. (Dkts. 14-15). That same day, Unis filed an unopposed motion for an extension of time to respond to the Complaint. (Dkt. 17). In that motion, Unis noted that there was a pending motion for default, no default had been entered, and the preference favoring trial on the merits over default judgment in this Circuit. (*Id.*, ¶ 5, n.1). The Court granted Unis' motion for extension of time and entered and continued Continental Turtle's Motion for Default. (Dkt. 18). The parties have not otherwise addressed the Motion for Default.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). While the text of the Rule leaves no room for discretion, there is "a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The Court will therefore enter default judgments only "in extreme situations" or "when other less drastic sanctions have proven unavailing." *Id.* Default judgments are a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Sun*, 473 F.3d at 811).

To be sure the Court has not entered a default, much less a default judgment. *Compare* Fed. R. Civ. P. 55(a), (b) *with VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (explaining the two-step process). Unis undeniably violated Rule 12(a)(1)(A)(i), and their basis for missing the deadline is unpersuasive. (Dkt. 17, ¶¶ 2-3). Still, given the $9,000,000 at issue, entering default would be a steep sanction indeed. Nothing in the record warrants such a severe sanction. Now that Unis is represented by counsel, the parties will proceed on the merits. The Court therefore denies Continental Turtle's Motion for Entry of Default. (Dkt. 12).

The other motion before the Court is Unis' Motion for a More Definite Statement. (Dkt. 20). Unis asserts that Continental Turtle's Complaint violates Rule 12(e) because it relies on group pleading—i.e., Continental Turtle brought every allegation and claim against all three Unis Defendants as just "UNIS," instead of breaking out individual allegations and claims against *each* Unis Defendant *individually*. (Dkt. 21). Because of this group pleading, all three Unis Defendants assert that the Complaint is so vague or ambiguous that they cannot reasonably prepare a response. (Dkts. 20, 21). Unis' Motion lacks merit.

Before the Court jumps to that, however, the Court notes that Unis also styles their Motion under Rule 12(b)(6) and seeks dismissal on that basis. (*See* Dkt. 21 at 1, 6). Unis, however, offers no support for dismissal under Rule 12(b)(6) and so the Court denies any relief sought under Rule 12(b)(6). "Undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Palacios v. City of Joliet*, 2026 WL 1855869, at *4 n.1 (N.D. Ill. June 29, 2026) (brackets removed) (quoting *Jackson v. City of Madison*, 176 F.4th 1005, 1016 (7th Cir. 2026)); *see also*

*Jones v. City of Evanston*, 2026 WL 2906406, at *11 (N.D. Ill. Sept. 28, 2026), *Khanna v. Banks*, 2026 WL 2836748, at *9 n.7 (N.D. Ill. Sept. 22, 2026), and *Das v. Tata Consultancy Servs., Ltd*, 2026 WL 2935334, at *9 (N.D. Ill. Sept. 30, 2026) (all ruling same).

"A party may move for a more definite statement of a pleading" when it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party "must point out the defects complained of and the details desired." *Id.* "Rule 12(e) . . . is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017) (citing *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 665 (7th Cir. 2007)). "Whether to grant a motion for a more definite statement falls within the discretion of the district court." *Meyer v. United Airlines, Inc.*, 624 F. Supp. 2d 923, 932 (N.D. Ill. 2008) (citing *Hummel v. Wells Petroleum Co.*, 111 F.2d 883, 886 (7th Cir. 1940)).

Unis' primary argument for why a more definite statement is warranted is Continental Turtle's reliance on "group pleading." (Dkt. 21). This argument sidesteps the question Rule 12(e) asks: whether the Complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Complaint is nowhere near nebulous enough to satisfy this standard. Pointing to virtually every allegation in the Complaint, Unis asserts that Continental Turtle never alleges "which specific defendants took these [alleged] actions." (Dkt. 21 at 4). Unis' position is baffling. Continental Turtle clearly alleges that *each* of the three Unis Defendants committed the alleged conduct. (Dkt. 1) (defining the three Unis Defendants as "UNIS"); (*id.*, ¶¶ 1-54) (alleging that Unis committed the alleged wrongs). Take the first allegation Unis complains about: "At all times relevant and as to Turtle Beach, UNIS operated as a freight forwarder and warehouseman of Turtle Beach products for sale in the United States." (Dkt. 1, ¶ 7); (*see* Dkt. 21 at 5). It is hard for the Court to discern how Unis is incapable of understanding this allegation. It plainly means that Turtle Beach is alleging that, "[a]t all times relevant and as to Turtle Beach, [Unis, LLC, Unis Transportation, LLC, and Unis LLC, d/b/a Unis Fulfillment, LLC] operated as a freight forwarder and warehouseman of Turtle Beach products for sale in the United States." (*Id.*) (swapping the collective designation for the full party names). If Unis is in the freighting business, surely it knows whether these entities "operated as a freight forwarder and warehouseman of Turtle Beach products for sale in the United States." (*Id.*) Unis is in effect advocating that Continental Turtle should be held to a more stringent pleading standard. This fails. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "By design, this system of pleading makes it relatively easy for plaintiffs to subject defendants to discovery—even for claims that are likely to fail." *Berk v. Choy*, 607 U.S. 187, 194 (2026).

None of the other examples Unis presents save the day. Unis points to Plaintiffs' allegation that Turtle Beach contracted "with 'UNIS' and later sue[d] for breach of that contract" and so Continental Turtle's "failure to distinguish between Defendants" makes it unclear "which of the defendants is allegedly the contracting party[.]" (Dkt. 21 at 4). Again, surely any Unis entity knows who it contracted with—all they have to do is look at the contract. So if one of the Unis entities contracted with Turtle Beach, it would have knowledge how to respond to that allegation. The three Unis Defendants are not bound to respond to Commercial Turtle's Complaint in a single

answer. Fed. R. Civ. P. 8(b). It can file three separate answers. *Id.* Or it could file a single answer and demarcate each answer for each Defendant. *Id.* If only one Unis Defendant contracted with Turtle Beach, it could note that in the answer and the other two could deny for want of knowledge. The possibilities abound. Unis recognizes this as they concede that the contract is "only with Unis, LLC," but Continental Turtle apparently "allege[s] otherwise in the complaint with their use of 'UNIS.'" (Dkt. 21 at 4-5). The Court fails to see how this is problematic. If this is the case, Unis, LLC has knowledge and can answer, and if the other two Unis Defendants do not, they can deny. Fed. R. Civ. P. 8(b).

Unis' argument that Commercial Turtle's Complaint is "a backdoor veil piercing claim" is meritless, unsupported, and warrants no attention. *Supra* at 2. Lastly, the Court provides a final word on Unis' contentions regarding "group pleading" as a whole. For starters, there is nothing *per se* improper about group pleading. It is fact dependent. There are many situations where group pleading is improper. Unis found some case law to that general effect. *See, e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) and *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017). None of the cases Unis presents, however, compel a different outcome. All are facially distinguishable. For example, *Knight* dealt with pleading fraud with particularity under Rule 9(b) and implausible allegations leveled against at least a dozen defendants; but *Knight* does not stand for the broad proposition that group pleading is *per se* improper. *Compare Knight*, 725 F.3d at 818 *with Bank of Am., N.A. v. Knight*, 875 F. Supp. 2d 837, 850 (N.D. Ill. 2012). As for *Chamberlain*, that decision is more akin to the issue in *Knight* than to the one here as it too dealt with implausible allegations that blurred conspiracy, Rule 9(b), fraud, and misappropriation concerning upwards of seven defendants; the court there found that the complaint lacked "sufficient facts to make it plausible." *Chamberlain*, 2017 WL 4269005, at *3. Even taking the most granular read of these cases changes nothing. The story here is different. Continental Turtle's Complaint is clear, cogent, and poses no unreasonable restrictions for Unis to answer. Ultimately, Unis identified no binding or persuasive authority that group pleading is improper as applied here or on a *per se* basis. Unis failed to show that Continental Turtle's Complaint is "so vague or ambiguous" that Unis "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

**CONCLUSION**

The Court denies Plaintiffs' Motion for Entry of Default. (Dkt. 12). The Court denies Defendants' Motion for a More Definite Statement. (Dkt. 20). The Court Orders Defendants to file their Answer (or Answers) within 21 days of this Order.

Virginia M. Kendall
United States District Judge

Date: October 22, 2026